UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 3:13-cr-00078 |
| Plaintiff, | : | |
| | : | District Judge Thomas M. Rose |
| vs. | : | Magistrate Judge Caroline H. Gentry |
| | : | |
| REX. S. TUCKER, JR., | : | |
| | : | |
| Defendant. | : | |
| | : | |

# REPORT AND RECOMMENDATION

This matter is before the undersigned Magistrate Judge to recommend rulings on the enforceability of the Writ of Garnishment issued by the Court (Doc. No. 32) and on the Motion for Assignment of Judgment (Doc. No. 48) filed by William J. Fulker as the Administrator of the Estate of Rex S. Tucker, Sr. (the "Administrator-Garnishee"). For the reasons set forth below, the undersigned Magistrate Judge **RECOMMENDS** that the Court **ENFORCE** the Writ of Garnishment (Doc. No. 32), **GRANT** the Motion for Assignment of Judgment (Doc. No. 48), and **MODIFY** the Amended Judgment (Doc. No. 29) to change the payee of the order of restitution.

**I.    BACKGROUND**

On June 20, 2013, Defendant-Debtor Rex S. Tucker, Jr. pled guilty to twenty-four counts of bank fraud in violation of 18 U.S.C. § 1344. (Plea Agreement, Doc. No. 16.) On September 25, 2013, District Judge Thomas M. Rose sentenced Defendant-Debtor to a term of incarceration of thirty-seven months, five years of supervised release with

1

special conditions, and $101,477.20 in restitution to be paid to Abbey Credit Union. (Judgment, Doc. No. 22.) District Judge Rose later amended the judgment to order Defendant-Debtor to instead pay restitution to his father, Rex S. Tucker, Sr. ("Tucker Sr."), who was the victim of the fraud. (Amended Judgment, Doc. No. 29 at PageID 85; *see* Plea Agreement, Doc. No. 16 at PageID 39; Stipulation, Doc. No. 28 at PageID 79.)

Tucker Sr. passed away on February 25, 2023. (*See* Certificate of Death, Doc. No. 39-1 at PageID 128). He died intestate with five children — including Defendant-Debtor — who each share twenty percent of the estate under Ohio Revised Code Section 2105.06. (*See* Doc. No. 39-2 at PageID 129; Doc. No. 39-3 at PageID 131.)

On October 27, 2023, Plaintiff filed an Application for a Writ of Continuing Garnishment directed to the Administrator-Garnishee. (Application, Doc. No. 30.) Plaintiff asserted that it last demanded payment on the judgment on June 7, 2018, and Defendant-Debtor had failed to pay the amount due. (*Id.* at PageID 88.) District Judge Rose granted the Application (Order for Writ, Doc. No. 31), and the Clerk of Court issued the Writ and Notice of Garnishment on October 31, 2023. (Writ, Doc. No. 32.) The Writ shows that the outstanding balance owed is $100,448.56. (*Id.* at PageID 91.)

The Administrator-Garnishee filed an answer on November 27, 2023. (Doc. No. 34.) In it, the Administrator-Garnishee conceded that the Defendant-Debtor expects to inherit a one-fifth interest in the estate of Rex. S. Tucker, Sr., and therefore maintains an interest in real property, tangible personal property, and an unknown amount of money from an "[e]xpectancy of inheritance pursuant to Ohio Revised Code Section 2105.06." (*Id*. at PageID 108-09.) However, on a Claim for Exemption Form attached to the

Answer, the Administrator-Garnishee checked boxes to claim all of the potential exemptions to garnishment under 18 U.S.C. § 3613. (*Id.* at PageID 109-11.) The Administrator-Garnishee also argued that "[t]he judgment entered herein has been assigned to Eddie A. Tucker, Sr. Therefore, the Plaintiff herein is not the real party in interest and the Garnishee disputes the Plaintiff's right to a continuing order of garnishment." (*Id.* at PageID 109.) Finally, the Administrator-Garnishee asserted that he is not liable as a garnishee in this action because he does not possess or control "any property currently belonging to" the Defendant-Debtor, who merely has an "expectancy to inherent a [one-fifth] interest in the property [that he controls] as Administrator." (*Id.*)

The Administrator-Garnishee did not request a hearing on the Writ of Garnishment. (Answer, Doc. 34.) Neither Plaintiff nor the Defendant-Debtor objected to the Answer or requested a hearing. The Court ordered the filing of supplemental briefs to address the Administrator-Garnishee's objections and claimed exemptions. (Order for Supplemental Briefing, Doc. No. 40.)

Plaintiff responded to the Administrator-Garnishee's arguments and requested a hearing. (Doc. No. 41 at PageID 138-40; Doc. No. 41-2 at PageID 142.) Separately, Plaintiff moved to substitute Tucker, Sr.'s four non-Defendant children—Eddie A. Tucker, Sr., Tammy L. England, Debra S. Tucker, and Tiffany E. Cremeens ("Other Tucker Children")—as victims/payees in this case pursuant to 18 U.S.C. § 3663A(a)(2). (Motion to Substitute, Doc. No. 35 at PageID 115-16.) In the alternative, Plaintiff asked the Court to assign the Defendant-Debtor's interest in Tucker, Sr.'s estate to the Crime

3

Victim's Fund under 18 U.S.C. § 3664(g)(2). (*Id.*) Neither the Defendant-Debtor nor the Administrator-Garnishee responded to the Motion to Substitute.

On August 5, 2024, the undersigned held an evidentiary hearing on the Writ of Garnishment and heard arguments on the Motion to Substitute. The hearing was attended by Plaintiff's counsel, the Administrator-Garnishee, the Defendant-Debtor, and the Other Tucker Children. During the hearing, the Administrator-Garnishee withdrew his written objections to the Writ of Garnishment and his claimed exemptions. Plaintiff and the Administrator-Garnishee stated that neither the judgment nor Tucker, Sr.'s interest had been assigned to Eddie A. Tucker, Sr.[1] They further stated that the Other Tucker Children should be substituted for Tucker, Sr. as the payee. However, Eddie A. Tucker, Sr. asked the Court to assign Tucker, Sr.'s interest solely to him, and the Defendant-Debtor argued that his inheritance should not be subject to garnishment.

Two weeks after the evidentiary hearing, on August 20, 2024, the United States Court of Appeals for the Sixth Circuit issued a published opinion in which it held that "18 U.S.C. § 3663A(a)(2) does not authorize a district court to alter a restitution order, post judgment, to change the payee." *U.S. v. O'Hara*, 114 F.4th 557, 563 (6th Cir. 2024). The undersigned again ordered supplemental briefing and asked the parties to address whether, and how, the *O'Hara* opinion affected the Motion to Substitute. (Second Order for Supplemental Briefing, Doc No. 45.)

---

[1] The undersigned agrees that Tucker, Sr.'s interest was not previously assigned to Eddie A. Tucker, Sr. This assertion appears to be based on a note from the Clerk of Courts that Eddie A. Tucker, Sr. was the "payee" of the judgment. (*See* Doc. No. 41-1 at PageID 141.) This appears to have been a clerical error by the Clerk of Courts. (*See* Doc. No. 41-3 at PageID 143.) Neither the judgment nor Tucker, Sr.'s interest as a payee of the order of restitution was assigned to anyone else by order of this Court.

4

In response, Plaintiff asked the Court to enter an Agreed Order to withdraw the Motion to Substitute and grant the parties leave to take further action regarding the assignment of Tucker, Sr.'s interest and for final garnishment. (Motion for Agreed Order, Doc. No. 46.) The Court granted that Motion and entered the Agreed Order on December 19, 2024. (Agreed Order, Doc. No. 47.)

The Administrator-Garnishee then filed the Motion for Assignment, in which it asked the Court to assign the judgment to the Other Tucker Children. (Doc. No. 48 at PageID 158-60.) In response, Plaintiff first explained that the judgment belongs to the United States and cannot be assigned. (Limited Objection, Doc. No. 49 at PageID 163-64.) However, Plaintiff argued that the Court should assign Tucker, Sr.'s *interest* in the judgment to the Other Tucker Children. (*Id*.) Plaintiff submitted a proposed Agreed Judgment Order that was signed by Plaintiff's counsel and the Administrator-Garnishee. (Doc. No. 49-1.) Neither the Defendant-Debtor nor any of the Other Tucker Children responded to the Motion for Assignment or the proposed Agreed Judgment Order.

## II. WRIT OF GARNISHMENT

### A. Applicable Law

The Mandatory Victims Restitution Act (MVRA) governs the award of restitution in certain criminal cases. 18 U.S.C. § 3663A. Section 3663A(a)(1) provides that when the Court sentences a defendant who has been convicted of an offense described in subsection (c), it "shall order . . . that the defendant make restitution to the victim of the offense or, if the victim is deceased, to the victim's estate." An order for restitution under

5

Section 3663A becomes a lien "on all property and rights to property" of the defendant that arises on the entry of judgment. *See* 18 U.S.C. § 3613(c).

The United States may enforce an order for restitution "by all … available and reasonable means," 18 U.S.C. § 664(m)(1)(A), which includes procedures for collecting on a civil judgment. 18 U.S.C. § 3613(a) ("The United States may enforce a judgment imposing a fine in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law."); 18 U.S.C. § 3613(f) ("[A]ll provisions of this section are available to the United States for the enforcement of an order of restitution."). In this case, the collection procedure used is a writ of garnishment:

> A court may issue a writ of garnishment against property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor, in order to satisfy the judgment against the debtor. Co-owned property shall be subject to garnishment to the same extent as co-owned property is subject to garnishment under the law of the State in which such property is located. A court may issue simultaneous separate writs of garnishment to several garnishees. A writ of garnishment issued under this subsection shall be continuing and shall terminate only as provided in subsection (c)(10).

28 U.S.C. § 3205(a).

After it obtains a writ of garnishment, the United States must serve the writ to the judgment debtor and the garnishee. 18 U.S.C. § 3205(c)(3). The garnishee must file an answer that identifies, in part, any property in his or her custody, control or possession that is subject to the writ. 18 U.S.C. § 3205(c)(4). Within twenty days of the garnishee's answer, the judgment debtor or the United States may file written objections to the

6

garnishee's answer and request a hearing. 18 U.S.C. § 3205(c)(5). The party objecting to the garnishment bears the burden of proving the grounds for its objections. *Id.*

    **B.**    **Analysis**

        **1.**    **The United States is the proper party to enforce this Court's order of restitution.**

When Judge Rose issued the Judgment and Amended Judgment pursuant to 18 U.S.C. § 3663A, the restitution orders contained therein became a lien on Defendant-Debtor's "property and rights to property." 18 U.S.C. § 3613(c). The United States plainly may enforce an order of restitution by issuing a writ of garnishment. 18 U.S.C. §§ 3205, 3613(a), (f); 3664(m)(1)(A). As discussed above, although the Administrator-Garnishee initially disputed Plaintiff's right to a continuing order of garnishment (Answer, Doc. No. 34 at PageID 109), he withdrew this objection during the hearing held on August 5, 2024. The undersigned finds that Plaintiff is the proper party to enforce the order of restitution, including by means of this Court's Order that granted Plaintiff's application for a writ of garnishment (Doc. No. 31).

        **2.**    **The Defendant-Debtor's expected inheritance interest is subject to the writ of garnishment.**

The Administrator-Garnishee initially objected that he is not liable as a garnishee because he does not possess or control "any property currently belonging to the Defendant," as the Defendant-Debtor merely has an "expectancy to inherit a [one-fifth] interest in the property [that he controls] as Administrator." (Answer, Doc. No. 34 at PageID 109.)

7

The Administrator-Garnishee appropriately withdrew this objection during the hearing. In a writ of garnishment, the term "property" includes "any present *or future interest*, whether legal or equitable, *in real, personal (including choses in action), or mixed property, tangible or intangible, vested or contingent, wherever located and however held* (including community property and property held in trust (including spendthrift and pension trusts))." 28 U.S.C. § 3002(12) (emphasis added). Accordingly, the Defendant-Debtor's expected inheritance interest is "property" that is subject to the writ of garnishment.

> **3. None of the exemptions in 18 U.S.C. § 3613(a) and 26 U.S.C. § 6334(a) apply.**

On the Claim for Exemption Form attached to the Answer, the Administrator-Garnishee checked boxes to claim all of the possible exemptions under 18 U.S.C. § 3613 that are listed in 26 U.S.C. § 6334(a). (Answer, Doc. No. 34 at PageID 110.) However, the Administrator-Garnishee acknowledged during the hearing that he is not holding any of the categories of property for which he claimed exemptions. The undersigned finds that the claimed exemptions to garnishment are inapplicable.

> **4. The undersigned recommends that Plaintiff be permitted to collect a lump sum toward the outstanding balance of the Defendant-Debtor's restitution obligation by garnishing his inheritance.**

The Defendant-Debtor argued during the hearing that Plaintiff should not be permitted to garnish his expected inheritance and collect a lump sum to apply towards the balance of his restitution obligation. Because this objection is both untimely and without merit, the undersigned recommends that it be overruled.

8

As discussed above, 28 U.S.C. § 3205 sets forth the requirements and procedures for garnishing property to satisfy an order of restitution. Here, Plaintiff properly served the Writ of Garnishment to the Defendant-Debtor and the Administrator-Garnishee pursuant to 18 U.S.C. § 3205(c)(3). (Certificate of Service on Judgment Debtor and on Garnishee, Doc. No. 36.) The Administrator-Garnishee timely filed his Answer (Doc. No. 34). The Defendant-Debtor was notified of his right to file written objections and request a hearing within twenty days after receiving the Answer, but did not do so. *See* 18 U.S.C. § 3205(c)(5). Thus, the objection that he asserted for the first time during the evidentiary hearing (which the Court held at the request of the Administrator-Garnishee, not the Defendant-Debtor) is untimely.

Nevertheless, this Court "may at any time on its own initiative or the motion of any interested person . . . make an order denying, limiting, conditioning, regulating, extending, or modifying the use of any enforcement procedure" related to garnishment for purposes of restitution. 28 U.S.C. § 3013. Several courts have "interpreted this provision as granting discretion to modify a garnishment based on the specific financial circumstances of the defendant." *U.S. v. Holcomb*, No. 08-20003-JWL, 2012 WL 5306257, at *3 (D. Kan. Oct. 26, 2012) (citing *U.S. v. Ogburn*, 499 F. Supp. 2d 28, 30-32 (D.D.C. 2007) (temporarily suspending garnishment based on defendant's inability to pay); *U.S. v. Kaye*, 93 F. Supp. 2d 196, 199 (D. Conn. 2000) (court has discretion to modify garnishment); *U.S. v. Crowther*, 473 F. Supp. 2d 729, 731 (N.D. Tex. 2007) (same); *U.S. v. George*, 144 F. Supp. 2d 161, 164-65 (E.D.N.Y. 2001) (court has discretion to reduce the garnishment amount)).

9

Accordingly, the Court will construe the Defendant-Debtor's statements during the hearing as a motion to limit the garnishment of his inheritance under 28 U.S.C. § 3013. The undersigned finds that the motion is not well-taken. Defendant-Debtor did not submit evidence that his economic circumstances have deteriorated to the point that his inheritance should not be garnished. He previously admitted to committing a crime for financial gain, pled guilty, and was sentenced under the statutory framework and the United States Sentencing Guidelines. Defendant-Debtor should not be excused from his obligation to pay restitution simply because he prefers to keep his expected inheritance.

For all of these reasons, the undersigned **RECOMMENDS** that District Judge Rose issue an Order that overrules all objections to the Writ of Garnishment and orders it to be enforced.

## III.   MOTION FOR ASSIGNMENT OF JUDGMENT

The undersigned must also consider whether, in light of the Sixth Circuit's decision in *O'Hara*, this Court has the authority to modify its Amended Judgment (Doc. No. 29) and assign Tucker, Sr.'s interest in that judgment to the Other Tucker Children. Because the facts in this case are materially distinguishable from the facts in *O'Hara* and principles of equity strongly support a different result, the undersigned recommends that the Court grant the Motion for Assignment of Judgment (Doc. No. 48).

As discussed above, the MVRA provides that in certain types of criminal cases, "***when sentencing*** a defendant convicted of an offense described in subsection (c), the court shall order . . . that the defendant make restitution to the victim of the offense or, if

10

the victim is deceased, to the victim's estate." 18 U.S.C. § 3663A(a)(1) (emphasis added). The MVRA further states, in relevant part:

> In the case of a victim who is . . . deceased, the legal guardian of the victim or representative of the victim's estate, another family member, or any other person appointed as suitable by the court, may assume the victim's rights under this section, ***but in no event shall the defendant be named as such representative or guardian***.

18 U.S.C.A. § 3663A(a)(2) (emphasis added).

Despite the plain language of this MVRA provision, the general rule is that "once a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *U.S. v. Hammond*, 712 F.3d 333, 335 (6th Cir. 2013) (citations omitted). Thus, in *O'Hara*, the Sixth Circuit held that because the MVRA applies by its terms only "when sentencing," the above-quoted language in Section 3663A "does not authorize a court to modify a judgment." 114 F.4th at 561. The *O'Hara* court further held that 18 U.S.C. § 3663A(a)(2) "does not authorize a district court to alter a restitution order, post judgment, to change the payee—***at least in the circumstances of this case.***" 114 F.4th at 563 (emphasis added).

The undersigned concludes that the circumstances in *O'Hara* and in this case are materially different. In *O'Hara*, as in this case, the defendant pled guilty to defrauding his parent and was ordered to pay restitution to his parent's estate. *Id.* at 558. But in *O'Hara*, unlike in this case, the defendant's mother passed away and left the defendant as the sole beneficiary of her estate ***before*** the court imposed its sentence. *Id.* The Sixth Circuit emphasized that the court and government "knew that [defendant] was likely the solely beneficiary of his mother's estate" when defendant was sentenced and ordered to

11

pay restitution to the estate. *Id.* at 562-63. The Sixth Circuit reasoned that the court could not later rely on the MVRA to remedy its error at the time of sentencing:

> [T]he district court had a statutorily authorized way to avoid this situation when it first sentenced O'Hara in 2019 when it had all the facts before it to avoid this predicament. . . . But now that the opportunity has passed, changing the statute by judicial fiat is not justified.

*Id.*

The key difference between this case, and *O'Hara,* is that the victim in this case (Tucker Sr.) was alive when the Court sentenced the Defendant-Debtor and required him to pay restitution to his father. Because this Court did ***not*** have "all the facts before it to avoid this predicament" at the time of sentencing, 114 F.4th at 562-63, *O'Hara* is distinguishable and does not govern the outcome of the Motion for Assignment.

Indeed, the *O'Hara* court itself suggested that this very distinction could lead to a different result. *See* 114 F.4th at 562 n.5 (citing *U.S. v. Drews*, 598 F. Supp. 3d 611, 612 (E.D. Mich. 2021)). The *Drews* court had sentenced defendant to probation and ordered him to pay restitution to his mother. *Id.* at 612. After defendant's mother passed away years later, the United States asked the court to order that restitution be paid to the Crime Victims Fund because defendant "was paying himself as the sole heir of his victim's estate." *Id.* at 612-13. The *Drews* court granted the request, relying on the MVRA's text ("in no event shall the defendant be named as such representative or guardian" of the deceased victim's estate) as well as upon principles of equity and public policy ("no one should benefit from his own wrongdoing"). *Id.* at 613-14.

12

Discussing *Drews*, the Sixth Circuit stated that "it's not clear that … [the MVRA] permits modifying a sentence even if the victim was alive at the time of sentencing but later passes away." *O'Hara*, 114 F.4th at 562 n.5. However, the court also commented:

> ***But at least that case presents a better argument for changed circumstances requiring a modification, perhaps under equitable principles.*** But we need not opine on that scenario now because that's not our case. Here, the court and parties knew Thrush was deceased at the time of sentencing but nevertheless failed to name a different payee in the restitution order.

*Id.* (emphasis added, citing *Drews*, 598 F. Supp. 3d at 612-13).

The undersigned recommends that this Court find that *O'Hara* is distinguishable, adopt the reasoning in *Drews*, and conclude that principles of equity permit this Court to modify its judgment in the circumstances of this case. As the *Drews* court explained, the MVRA provision in Section 3663A(a)(2) "indicates that wrongdoers should not benefit from their own wrongdoing as a matter of public policy." 598 F. Supp. at 613. Indeed, "the purpose of the MVRA is not only to 'ensure . . . crime victims . . . receive the restitution that they are due,' but also to 'ensure that the offender realizes the damage caused by the offense and pays the debt owed to the victim *as well as to society.*'" *Id.* (citing S. REP. NO. 104-179 (1996), *reprinted in* 1996 U.S.C.C.A.N. 924, 925, 1995 WL 731704, at *12 (emphasis added)). And plainly "it would violate public policy to allow Defendant to be the beneficiary to the restitution of his own crime." *Id.* (citations omitted). Additionally, "it is 'an ancient equity maxim that no one should benefit from his own wrongdoing.'" *Id.* (citing *Hanover Am. Ins. Co. v. Tattooed Millionaire Ent., LLC*, 974 F.3d 767, 790 (6th Cir. 2020) (internal quotation omitted)).

13

Moreover, if the MVRA does not permit courts to modify their judgments in the circumstances of this case, then it is unclear how sentencing courts can avoid unjustly enriching wrongdoers who later become statutory beneficiaries of their victims' estates. Here, for example, the Defendant-Debtor dragged his feet and failed to make timely restitution payments to his father during his lifetime. If this Court cannot now modify the payee—which is the victim's estate—then the Defendant-Debtor will have found an effective way to limit the amount of restitution he is obligated to pay (since one-fifth of the remaining restitution award will be paid to himself). Federal courts should not be required to predict, at the time of sentencing, what circumstances might unfold in the future and then tailor their judgments to account for all possible eventualities.

In sum, failing to modify the judgment would allow Defendant-Debtor to benefit from the restitution he was ordered to pay—and therefore allow him to benefit from his own crime. Changed circumstances and equitable principles not only permit, but indeed require, modification of the payee in the Amended Judgment. The undersigned therefore **RECOMMENDS** that the Court **GRANT** the Motion for Assignment of Judgment.

## IV. CONCLUSION

For the reasons stated, the undersigned Magistrate Judge **RECOMMENDS** that this Court:

1. **OVERRULE** objections to the Writ of Garnishment (Doc. No. 32) and **ORDER** that it be **ENFORCED**;

2. **GRANT** the Motion for Assignment of Judgment (Doc. No. 48); and

      3.      **MODIFY** this Court's Amended Judgment (Doc. No. 29) to provide as follows:

      a.      The **Victim's interest** in the Amended Judgment herein entered against the Defendant and in favor of the Plaintiff is hereby assigned, equally, to Eddie A. Tucker, Sr., Tammy L. England, Debra S. Tucker, and to Tiffany E. Cremeens.

      b.      All payments of restitution hereinafter received by the Plaintiff shall be disbursed, equally, to Eddie A. Tucker, Sr., Tammy L. England, Debra S. Tucker and Tiffany E. Cremeens.

**IT IS SO RECOMMENDED.**

          *s/ Caroline H. Gentry*
          Caroline H. Gentry
          United States Magistrate Judge

**Notice of Procedure on Objections**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days if this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral

hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).